IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**MATTHEW ALAN GOODWIN,**                      3:12-cv-00205 RE


                        Plaintiff,             **ORDER**


            v.

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,

                        Defendant.


**REDDEN,** Judge:

Plaintiff seeks an award of fees in the amount of $24,682.09 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The Commissioner concedes that her position was not substantially justified. I find the plaintiff's request reasonable, and plaintiff's application (#31) is granted.

/ / /

/ / /

**Background**

Plaintiff alleged disability since February 15, 2005, due to chronic pain, depression, and herniated disc Tr. 136. His application was denied initially and upon reconsideration. After a January 2011 hearing, an ALJ found him not disabled. Plaintiff sought review in this court. After Plaintiff filed his Opening Brief, the Commissioner conceded that the ALJ had erred at step four and moved for remand. After reviewing the record, this court denied the motion for remand and found the ALJ's determination that Plaintiff's impairments did not meet or equal in severity a listed impairment was supported by substantial evidence. This court reversed the decision of the Commissioner, and remanded this matter for further proceedings, including the consideration of evidence submitted after the ALJ's decision.

Plaintiff filed this application for fees (#31). The Commissioner asserts that the fees sought are unreasonable.

**LEGAL STANDARDS**

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high

degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988); *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990).

Plaintiff argues that a fee award should not be reduced simply because a claimant failed to prevail on every contention raised, citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983). In *Hensley* the plaintiffs challenged the constitutionality of treatment and conditions at a state mental hospital and prevailed on five of six general areas of treatment. Thereafter, they sought attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The *Hensley* Court held that, where the plaintiff failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley,* 461 U.S. at 435. The *Hensley* Court also noted that the extent of a plaintiff's success is a crucial factor in determining the proper amount of attorney fees awarded. *Id.* at 430.

The Ninth Circuit has instructed the district courts to "generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Social Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012)(quoting *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008))(internal alterations omitted).

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992). The party opposing the fee request has the burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Id.* at 1397-98.

## DISCUSSION

The Commissioner does not challenge the hourly rates sought by counsel. She argues that counsel unreasonably spent excessive amounts of time. Plaintiff's attorneys seek payment for 99.7 hours worked in 2012 and 33.8 hours worked in 2013, plus 4.5 hours expended on the Reply memorandum in support of his Motion for Fees. The Commissioner did identify one time entry of 0.7 hours spent doing arguably clerical tasks, and Plaintiff's counsel has withdrawn his request for that payment.

The record in this matter is lengthy at 777 pages. Plaintiff's Opening Brief was lengthy at 35 pages, and contained eight assignments of error. There was at least one unusual issue where medical records appeared to be illogical duplicates. On

this record, the Commissioner has not established that any further reductions in the hours expended by Plaintiff are warranted.

## CONCLUSION

For the reasons stated above, Plaintiff's Application for Fees Pursuant to EAJA (#31) is granted. Plaintiff is awarded $25,392.55 in fees. Consistent with *Astrue v. Ratliff,* 130 S.Ct. 2521, 2527-28 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

Dated this 28 day of February, 2014.

_____
James A. Redden
United States District Judge